JOSEPH HETTENBACH, RESPONDENT, *v.* THE NEW
YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, APPELLANT.

*City of Albany — chap. 77 of 1870 — power of the common council to pass ordinances as to the inspection of weights and measures — enforcement of.*

Subdivision 29 of section 12, title 3, chapter 77 of 1870, authorized the common council of the city of Albany to make ordinances "in relation to the inspection and sealing of weights and measures, and enforcing the keeping and use of proper weights and measures by vendors."

*Held*, that it only authorized the inspection and sealing of weights and measures used by *vendors*, and was not applicable to scales used by defendant at one of its grain elevators.

That as said section 12 provided for the enforcement of the ordinances thereby authorized, by penalties, the common council was precluded from adopting any other mode for their enforcement.

APPEAL from a judgment of the County Court of Albany county, affirming a judgment in favor of the plaintiff rendered by a justice of the peace.

The plaintiff was inspector of weights and measures for the city of Albany up to May, 1878. He complained against the defendant for work, labor and services as such inspector in inspecting the scales of the defendant.

It was proven that the defendant was not engaged in selling merchandize at all. It had an elevator where it stored grain, and the scales which were inspected were some of them used in weighing grain at the elevator, and some in weighing freight. The first section of chapter eight of the ordinances of the city of Albany provided, among other things, as follows : "And the said inspector may sue and prosecute for his services performed under this law in an action in his own name."

*Matthew Hale*, for the appellant.

*Frank Kampfer*, for the respondent.

BOCKES, J. :

The authority for the ordinance, passed by the common council is conferred by that provision of the city charter (title III. sect.

12, chap. 77, Laws of 1870, page 168) which gives that body " power to make such ordinances, and with such penalties in the matter and for the purposes following," among others : " In relation to the inspection and sealing of weights and measures, and enforcing the keeping and use of proper weights and measures by vendors." (Sub. 29, sec. 12, *supra.*) Now, is not this subdivision of section 12 confined or limited in its application to " vendors ? " It is quite evident that it was not intended to have reference to, and to embrace persons or families who might keep weights and measures for their individual and private use. Due regard for personal and private rights forbids such construction ; and as to the last clause of the subdivision there is an express limitation to *vendors.* So, as to this class of persons authority was given to the common council to pass an ordinance, having in view the " *enforcing* " of the keeping and use by them of proper weights and measures — that is, that body, by proper ordinance, might compel " vendors " to keep and use " proper weights and measures." Thus, it is seen that the authority of the common council as to the keeping and use of weights and measures was limited to " vendors." But a broader signification is claimed for the preceding clause of subdivision 12. That clause relates to the " inspection of weights and measures," and, as is insisted, is not limited, like the latter clause of the subdivision to " vendors." There is no sound reason why this clause should be unlimited, and the latter clause be limited, as it is, to " vendors." The two clauses are grammatically connected, as if to be read together, as applicable to a single subject, and to carry out a single purpose. The last clause must also have reference to the prior clause, which has in view " the inspection and sealing of weights and measures," for without inspection it could not be determined that the *proper* weights and measures were or were not kept and used. Thus section 12, subdivision 29 has in view an ordinance which shall relate to the inspection and sealing of weights and measures, and the enforcing of the use of weights and measures so inspected and sealed. It follows, therefore, that the fair meaning of the entire provision of law is this : That the common council might, by an ordinance, provide for the inspection and sealing of weights and measures kept and used by

vendors, and also for the enforcing against them the keeping and use of *proper* weights and measures — that is, weights and measures which had been inspected and sealed. It is unreasonable to suppose that the law contemplated two classes of cases — one as to the inspecting and sealing in all cases where weights and measures might be kept and used, and by whomsoever kept and used, the other the enforcing against *vendors* only, the keeping and use thereof. Therefore, according to the fair reading of the subdivision, it is limited in its application to " vendors." The defendant was not a " vendor," hence the common council had no authority to make an ordinance which would compel it to pay for services for which the recovery in this case was allowed.

Again, section 12 provides for the enforcement of the ordinance thereby authorized, by penalties. They could, therefore, be enforced, even when lawfully adopted, in no other way. They could be enforced by no other means than by those given by the law. (*Hart* v. *The Mayor*, 9 Wend., 571, 588, 606.) This rule was early laid down by Lord MANSFIELD, in *Kirk* v. *Nowill* (1 Durnf. & East, 118, 124), and it has always been recognized as entirely sound. The general proposition of law is, that where a municipal corporation is empowered to enforce its ordinances in any prescribed manner, it is by implication precluded from adopting any other mode for its enforcement. In this view of the case the judgment appealed from is unauthorized.

The judgment of the County Court and of the justice must be reversed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment of County Court and justice of the peace reversed, with costs.